## Richmond

### JOHN MICHAEL HUTCHINS, Sometimes
#### Known As John Michael Hutchens

v.

## COMMONWEALTH OF VIRGINIA

June 8, 1979.

Record No. 781482.

Present: All the Justices.

Ralph B. Rhodes (Hutcherson & Rhodes, on brief), for appellant.

Thomas D. Bagwell, Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellee.

PER CURIAM.

Indicted upon two counts of statutory burglary and two counts of grand larceny, the defendant, John Michael Hutchins, was convicted by a jury and, in accordance with the verdicts, was sentenced to serve a term of 5 years in the penitentiary on each count. On appeal, the defendant's sole claim of error concerns the closing argument of the Commonwealth's Attorney.

The record shows that on April 18, 1978, the defendant and several companions, all residents of the Roanoke area, journeyed to Smith Mountain Lake in Franklin County, where the burglaries and larcenies took place. Several days later, the stolen articles were found in a Roanoke apartment occupied by the defendant and one of his alleged accomplices.

At the defendant's trial and over his repeated objection, the Commonwealth's Attorney was permitted to state in rebuttal argument:

> "This case is about the security of Franklin County property owners. That's what the case is about. The United States, and the United States says that you have a right to secure property in your home.
>
> ". . . .
>
> "What's the criminal law to do? The criminal law is to protect you and to protect your property and to protect you from defendants like this gentleman right here . . .
>
> ". . . .

"I didn't hear [defense counsel] talk anything about punishment. Punishment is an all, as equally important function of the jury. If you find this man guilty you have to make up your mind what you're going to do with him. And that's something that I can't tell you what to do, and the Judge can't tell you what to do. You've got the instructions before you. The instructions say that you can give this man from one year to twenty years in the penitentiary. Now, if you don't think this is a serious crime, don't give him one year in the penitentiary. Let him loose. Doesn't do anybody any good to slap somebody on the wrist. If you think it's a serious crime, punish him. It's not a pleasant notion to get used to, and I don't think, or I wouldn't speculate, but it's not pleasant. It's not pleasant to sit in front and judge a fellow human being. But you've heard me say this before, and I'll say it again. What message are you going to send out to the people of Franklin County? Are you going to send out, 'Come on down. It's down there. It's yours for the picking. We don't care. We don't think it's serious. We're going to slap him on the wrist and turn him loose.' That's the kind of message . . .

". . . .

"That's what they call triumphs. And that's what a jury speaks to. It speaks to the whole world."

In contending that this argument was improper and prejudicial, the defendant relies upon *Dingus* v. *Commonwealth*, 153 Va. 846, 149 S.E. 414 (1929). In that case, the Commonwealth's Attorney told the jury:

"[W]e want a verdict at your hands that will say to the criminals of Wise County and the criminals of Tazewell County and the criminals of Kentucky and Tennessee, that they cannot make Russell County their playground." 153 Va. at 851, 149 S.E. at 415.

In holding this argument improper, we said:

> "[E]very person charged with crime is entitled to have his case determined solely by the evidence produced at his trial. There is no testimony in this case as to criminals of Wise County, Tazewell County, or those of Kentucky or Tennessee; and no such evidence referring to other criminals could have been introduced against the accused, had it been offered. The accused could neither be punished for their crimes nor have his punishment enhanced because of their iniquities." *Id.*

The Attorney General attempts to distinguish *Dingus* by saying that, while there was no evidence in that case concerning the criminal activities of outsiders, it was shown here that the defendant and his companions left the Roanoke area and entered Franklin County to commit burglaries and larcenies. This evidence, the Attorney General submits, permitted the prosecutor in this case to argue as he did.

■ The difficulty with the Attorney General's position is that he not only engages in bootstrapping but, in attempting so to distinguish *Dingus*, he also emphasizes the vice in the type of argument involved here. What this argument does is create an atmosphere wherein a defendant may be convicted and punished, not just for the offense on trial, but to set an example to deter some unknown future criminal activity by some as yet unidentified outside criminal actor. The potential harm in such an argument is that it tends both to inflame a juror's natural prejudice against an outsider entering his jurisdiction for criminal purposes and to divert the juror's attention from the evidence produced at trial and focus it upon extraneous and inadmissible matters.

This is not to say that we disagree with the observation made in the Attorney General's brief that it is proper for a prosecutor to ask a jury to fix a punishment in a particular case that will deter others from committing like offenses. The prosecutor's request, however, must not appeal, as part of the argument here appealed, to the jurors' passions by exciting their personal interests in protecting the safety and security of their own lives and property. And the prosecutor's statement must not confuse, as the argument here sometimes confused, the use of punishment *and* conviction for

deterrent purposes. Conviction for an offense must be based solely upon evidence of guilt, and not upon considerations of deterrence. Failure to make this important distinction may result in substantial prejudice to a defendant.

We recognize the proposition that often it is difficult to draw the line between proper and improper argument, and usually it is preferable, therefore, to leave to the trial court the task of deciding upon which side of the line a particular argument may fall. But where, as here, it appears probable that the defendant has been substantially prejudiced by an improper argument, and the trial court has failed to take corrective action, we must remove the prejudice by ordering a new trial.

*Reversed and remanded.*