PERCY LEWIS ARRINGTON

v.

COMMONWEALTH OF VIRGINIA

No. 0803-88-1

Decided June 12, 1990

Counsel

Rita Scott Forrest (Sallee & Forrest, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BARROW, J.**—In this criminal appeal we hold that a prosecutor's description, during opening statement, of evidence he is later unable to produce does not require declaration of a mistrial if he acted in good faith, and there is no prejudice to the defendant.

During the defendant's trial for breaking and entering and grand larceny, the Commonwealth's attorney in his opening statement told the jury that the defendant had admitted to the police that he was with two others involved in the crimes on the day they occurred but denied that he was aware that they committed the crimes. However, during the course of the Commonwealth's case, no evidence of this statement was introduced.

At the close of the Commonwealth's evidence, defense counsel moved for a mistrial because of the failure to introduce the evidence of the statement. The prosecutor, in response, explained that the police officer who had taken the statement told him that he would be present at trial without the necessity of being summoned. However, the prosecutor discovered that someone else in the police department later instructed the police officer that he did

not have to appear without a summons. The prosecutor said that he then decided not to call the officer because it would take the officer too long to get to court and would delay the trial. The motion was denied, and the defendant, who presented no evidence, was convicted.

■ A prosecutor acts unprofessionally when he or she alludes to evidence in his or her opening statement unless he or she has a good-faith, reasonable basis for believing the evidence will be offered and admitted into evidence. *ABA Standards for Criminal Justice, The Prosecution Function Standard* 3-5.5 (1986). A prosecutor should confine his or her opening statement to a description of evidence which will be offered and which he or she believes in good faith will be available and admissible. *Id.*

■ Generally, however, absent prejudice which has not been or cannot be cured, if a prosecutor reasonably believes that the evidence he or she describes in his opening statement will be available and admissible, failure to introduce such evidence will not constitute grounds for a new trial. Annot., *Prosecutor's Reference in Opening Statement to Matters Not Provable or Which He Does Not Attempt to Prove as Grounds for Relief*, 16 A.L.R. 4th 810 (1982). An opening statement is not evidence; *Evans-Smith v. Commonwealth*, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987); its purpose is "merely to inform the jury of what counsel expects the evidence to be so that they may better understand the evidence." *Fields v. Commonwealth*, 2 Va. App. 300, 307, 343 S.E.2d 379, 382-83 (1986). A trial court has broad discretion in the supervision of opening statements. *Spencer v. Commonwealth*, 238 Va. 295, 311, 384 S.E.2d 785, 796 (1989), *cert. denied*, 493 U.S. 1093 (1990). Usually, a trial court may cure an improper statement by counsel without the necessity of granting a mistrial. *Albert v. Commonwealth*, 2 Va. App. 734, 740, 347 S.E.2d 534, 538 (1986).

We hold, therefore, that where no prejudice results, a prosecutor's reference during opening statement to evidence which the prosecutor is unable to present at trial is not grounds for a mistrial if the prosecutor believes in good faith that the evidence will be available and admissible. In doing so, we recognize that an opening statement has a limited role and that even the most reasonable expectations of an attorney may be unmet when his or her case unfolds. The good faith of the prosecutor in this case is un-

questioned. He reasonably expected to be able to offer evidence of the defendant's statement. The prosecutor described the reason for his failure in open court; the defendant did not dispute the prosecutor's explanation; and the trial court accepted it.

In addition, revealing the defendant's statement to the jury did not prejudice him. The court instructed the jury that opening statements were not evidence and that they should base their decision solely on the evidence. If they followed these instructions, as we must assume they did, no prejudice could have resulted.

Furthermore, the statement itself could not have had a material impact on the jury's verdict. Since the defendant was with his two companions when arrested by the police on the day of the offenses, there was no dispute that he was with them on that day. This fact was not disputed at trial. His extrajudicial statement to the police only confirmed this undisputed fact, and, therefore, could not have affected the jury's determination. The remainder of the statement was exculpatory and benefited the defendant.

Since the prosecutor believed in good faith that evidence of the defendant's statement would be available and since the defendant's statement as described in the opening statement was not prejudicial, the trial court did not err in denying the defendant's motion for a mistrial. The judgments of conviction are, therefore, affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.