JOHN EDWARD JACKSON, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1928-89-2

Decided July 1, 1991

COUNSEL

Richard K. Wilkinson, for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—John Edward Jackson, Jr. was convicted by a jury for possessing cocaine with intent to distribute and was sentenced to thirty years in prison and fined $26,000. Jackson contends on appeal that the attorney for the Commonwealth made improper comments in his closing argument which prevented Jackson from receiving a fair trial. We hold that the comments were not reversible error and accordingly affirm his conviction.

Officers of the Orange County Police Department attempted to arrest Jackson on an outstanding assault and battery charge. When they did so, they saw Jackson throw a black leather pouch underneath his vehicle. The police recovered the pouch, which contained crack cocaine packaged in thirteen separate vials. At trial, the Commonwealth's attorney stated during closing argument that the packaging of the cocaine indicated Jackson's intent to distribute and that, because Jackson had thirteen vials of cocaine, he had "thirteen opportunities to affect a lot of lives and screw up lives. This was thirteen little packages of instant death, not in killing people, but in ruining lives." He also argued that the goals of punishment included retribution, incapacitation, and deterrence, that the only way for the jury to "speak to this man" was through its verdict, and that with a verdict "of five or ten years, you're telling him it's minimum punishment."

In order to prevail on appeal, Jackson must show that he was substantially prejudiced by the improper comments of the Commonwealth's attorney. *See Fain v. Commonwealth*, 7 Va. App. 626, 630, 376 S.E.2d 539, 541 (1989).

Jackson claims the argument was not based on evidence in the record because no evidence was presented regarding specific damage done by Jackson to any purchasers of drugs, and no evidence was presented concerning societal ills resulting from drug usage. He claims the argument was intended to incite the jury to base its verdict on passion and fear instead of on the law and evidence, and that it was, therefore, equivalent to a closing argument in a murder trial where the prosecutor improperly refers to the effect

of the accused's actions on the family of the victim. *See Dingus v. Commonwealth*, 153 Va. 846, 851, 149 S.E. 414, 415 (1929).

The *Dingus* case is not analogous. Arguing the effect of the crime of a murder on the victim's family is not equivalent to commenting upon or arguing the effect which the crime of distributing cocaine has upon society as a whole. The latter merely explains why society considers an act to be criminal, and why offenders who commit that particular crime should be seriously punished. Attorneys for the Commonwealth

> may argue that the evidence shows that an accused is guilty; the argument, however, must be based on a statement of the evidence and not opinion. . . . "To rigidly require counsel to confine themselves directly to the evidence would be a delicate task, both for the trial and the appellate court; and it is far better to commit something to the discretion of the trial court than to attempt to lay down or enforce a general rule defining the precise limits of argument.". . . Whether the words used were prejudicial must be judged by a review of the totality of the evidence.

*Fain*, 7 Va. App. at 628-29, 376 S.E.2d at 540-41 (citations omitted).

Having reviewed the evidence, we conclude that the trial court did not abuse its discretion in allowing this argument. The argument was not outside the evidence. A prosecutor may refer to evidence in the case and draw fair inferences from it with respect to the issue of punishment. *See Timmons v. Commonwealth*, 204 Va. 205, 217, 129 S.E.2d 697, 705 (1963). The potential harmful effects of cocaine are common knowledge and need not be proven in a prosecution for distribution in order for the prosecutor to draw inferences from the facts and comment upon them. Because the evidence allowed the Commonwealth's attorney to argue that the cocaine was packaged for distribution to the public, he properly drew the attention of the jury to the general effects of cocaine on the public and encouraged them to deter the crime of distribution. "[I]t is proper for a prosecutor to ask a jury to fix a punishment in a particular case that will deter others from committing like offenses." *Hutchins v. Commonwealth*, 220 Va. 17, 20, 255 S.E.2d 459, 461 (1979); *accord Payne v. Commonwealth*, 233 Va. 460, 468, 357 S.E.2d 500, 507, *cert. denied*, 484 U.S. 933 (1987).

Because the closing comments of the Commonwealth's attorney were proper, we affirm Jackson's conviction.

*Affirmed.*

Baker, J., and Benton, J., concurred.