JOHN EDWARD PATTERSON, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 2169-91-3

Decided May 18, 1993

COUNSEL

Thomas S. Leebrick (Mosby & Leebrick, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—John Edward Patterson, Jr. (appellant) appeals from a judgment of the Circuit Court of the City of Lynchburg (trial court) that approved his jury conviction for distribution of cocaine for which he was sentenced to fifteen years in the penitentiary. He contends the trial court erred (1) in permitting a witness to continue to testify after the prosecutor privately conversed with him during a short break period; (2) in refusing to set aside the verdict when it was discovered that one of the jurors had failed to reveal her association with a DEA agent; and (3) in failing to declare a mistrial prior to the jury verdict based on the prosecutor's alleged prejudicial closing argument. Finding that the closing argument of the prosecutor was not based upon the evidence or any reasonable inference that may have been drawn therefrom, and was prejudicial to appellant, we reverse and remand this case to the trial court for such further proceeding as the Commonwealth may be advised. As the other issues raised by this appeal are unlikely to reoccur on retrial, we need not address them in this opinion.

In his closing argument to the jury, counsel for appellant attempted to minimize the seriousness of the offense, suggested that the jury impose "a minimum sentence in this case" and asked that it "temper [its] verdict with mercy." In response, the prosecutor fairly argued that when appellant sold cocaine to others, it got "more and more people involved in the same drug problem" that appellant alleged he personally was addicted to, which was a fair inference from the evidence. However, the prosecutor departed from the evidence, or any fair inference therefrom, when he said:

[A]nd where do you think that money comes from? In this case, it came from the Lynchburg Police Department, but what about the other people that are supporting their habit or have that habit, where do you think that money comes from you. Do you think they go to work every day stoked up on crack, earn a living, or does it come out of the malls and shoplifting, or does it come out of other illegal activity.

Appellant objected to this line of argument and the trial court admonished the prosecutor to "stick to the facts in the case." Instead, the prosecutor further argued:

> [B]ut if you believe as I suspect you do that this problem is way too far out of hand to deserve mercy, then you have that option too. I suggest to you that a 5 year sentence in this case is going to virtually tell everyone there is very little problem. First of all, you are unlikely to get caught. And then you've got the problem of conviction, and then the worst is going to happen to you is you are going to get 5 years.

Appellant's objection and motion for mistrial were denied.

A jury's responsibility is not to "clean up" the city or make an example of any defendant because of the transgressions of others. Its job is to review the evidence with an unbiased mind and without preconceived prejudice, make its finding, and if it be one of guilt, fix the punishment based upon the evidence. The trial court does not, and in this case did not, instruct the jury to consider thefts or illegal activities of others in arriving at its verdict or recommending a punishment. To suggest to the jury that the crime committed by the accused caused thefts and shoplifting in the community is highly inflammatory and prejudicial.

■ "[O]ne accused of crime is entitled to have his guilt or innocence [and punishment if he be found guilty] determined solely on the basis of the evidence introduced at trial, and not on grounds . . . not adduced as proof at trial." *Winston v. Commonwealth*, 12 Va. App. 363, 367, 404 S.E.2d 239, 241 (1991) (citation omitted). *See also Hutchins v. Commonwealth*, 220 Va. 17, 20, 255 S.E.2d 459, 461 (1979); *Dingus v. Commonwealth*, 153 Va. 846, 851, 149 S.E. 414, 415 (1929).

> Every person accused of crime, whether guilty or innocent, is entitled to have all his legal rights protected during his trial. And in a criminal case, the Commonwealth's attorney, as the representative of the people, should guard against any violation of his right in this respect.

*Winston*, 12 Va. App. at 368, 404 S.E.2d at 242 (citation omitted). This record contains no evidence that persons who may have bought cocaine from appellant went "to work every day stoked up on cocaine" or that the purchasers obtained money to make the purchase

"out of the malls and shoplifting, or . . . out of other illegal activity." Likewise, these allegations could not reasonably be inferred from the evidence. The prosecutor also argued that a minimum sentence in this case would tell everyone "there is very little problem," "you're unlikely to get caught," and that if you did, "the worst [that] is going to happen to you is you are going to get 5 years." The prosecutor, in effect, asked the jury on behalf of the community to send "a message" to those who sell drugs by sentencing the defendant for all the community's ills. An argument of that kind was held to be improper and prejudicial in *Hutchins* and was equally improper here.

█ The Virginia Supreme Court has not hesitated to reverse cases in which it appears the Commonwealth's attorney made prejudicial arguments not based upon the evidence or fair inference from it. *See McLean v. Commonwealth*, 186 Va. 398, 43 S.E.2d 45 (1947); *Harrison v. Commonwealth*, 183 Va. 394, 32 S.E.2d 136 (1944); *Bateman v. Commonwealth*, 183 Va. 253, 32 S.E.2d 134 (1944); *Taylor v. Commonwealth*, 180 Va. 413, 23 S.E.2d 139 (1942); *McReynolds v. Commonwealth*, 177 Va. 933, 15 S.E.2d 70 (1941).

> [W]here, as here, it appears probable that the defendant has been substantially prejudiced by an improper argument, and the trial court has failed to take corrective action, we must remove the prejudice by ordering a new trial.

*Hutchins*, 220 Va. at 21, 255 S.E.2d at 461.

For the reasons stated, the judgment of the trial court is reversed and this case remanded for such further proceeding as the Commonwealth may be advised.

*Reversed and remanded.*

Benton, J., and Coleman, J., concurred.