COURT OF APPEALS OF VIRGINIA

Present:  Judge Benton, Senior Judge Cole and
          Retired Judge Trabue[*]
Argued at Richmond, Virginia

EDWARD HILL

v.      Record No. 1898-93-2         MEMORANDUM OPINION[**] BY
                                     JUDGE MARVIN F. COLE
COMMONWEALTH OF VIRGINIA                   JULY 5, 1995

              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Robert L. Harris, Sr., Judge

          Cheryl Jakim Frydrychowski, Assistant Public
          Defender (David J. Johnson, Public Defender;
          Office of the Public Defender, on brief), for
          appellant.

          Robert B. Condon, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


        The appellant, Edward Hill, was tried by a jury and

convicted of distributing cocaine and possessing cocaine with

intent to distribute.  On appeal, he contends that he was denied

a fair trial because of improper argument by the prosecutor.  We

disagree and affirm the convictions.

        At trial, the Commonwealth produced evidence that a police

officer purchased twenty dollars worth of cocaine from the

appellant.  Other officers testified that they observed the

transaction.  Additional cocaine was recovered from the front

plate of the telephone booth where Hill was standing after the

        [*]Retired Judge Kenneth E. Trabue took part in the
consideration of this case by designation pursuant to
Code § 17-116.01.

        [**]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

sale.  The appellant asserts that the prosecutor's final argument to the jury was improper because it appealed to the jury's passions, it surpassed fair inferences from the evidence, and it confused the use of punishment and conviction for deterrent purposes, all of which resulted in substantial prejudice to him.

During his final argument, the prosecutor argued that there was sufficient evidence of guilt and asked the jury to find the defendant guilty.  He explained that once the jury finds the defendant guilty, it must determine his sentence.  The following argument was then presented:

> PROSECUTOR:  Ladies and gentlemen, perhaps you have all been engaged in conversation or everybody has read a lot about the problems of drug dealers in the City of Richmond.  Perhaps you have said to yourselves at one point, somebody has to do something about it, somebody needs to take care of this problem, something has to be done, somebody has to do something, somebody has to clean up the streets; they're selling cocaine on the streets of this City and we are killing the City and it's killing people.  It's poison and it's killing the City.  Something ought to be done.
>
> Well ladies and gentlemen, today is the day you all can be that somebody, you are the people that can do something about it. . . .  [The police] caught the dealer and they brought him.  So, what are we going to do about it?  He has made an economic choice, he has made a choice to sell drugs and the cost of doing business is when you sell drugs, if you get caught, you have got to go to the penitentiary.
>
> The question is, are we going to make it a high price, the minimum is 4 years, the most is 40 years.  Is it going to be a high price to keep others like him from doing it, or is it going to be a low price?  That is what you have to decide as jurors.  Can we send a message to him and tell the drug dealers in the community--

>        DEFENSE COUNSEL:  Judge, I object, we're not
>        talking about anything other than this case.  This
>        particular case and this particular man.

                    *    *    *    *    *    *    *

        THE COURT:  Proceed.

Defense counsel did not advise the court of any prejudice that might have occurred from the prosecutor's remarks.  He did not request a cautionary instruction, and he did not move for a mistrial.

The appellant began his closing argument to the jury.  In the midst of it, defense counsel stated:

>        [T]he Commonwealth attorney when he closed up
>        just a second ago there, he said we have to
>        get these drug dealers off of the street.
>        We're not talking about anything other than
>        this case.  All the other things that are
>        wrong with the City, we're not talking about
>        those things today, we're talking about
>        whether the Commonwealth has proved anything
>        against this man and nothing else.  And I ask
>        you not to consider anything else.

The prosecutor then interrupted and stated, "the law is that it is in fact proper and the defense counsel knows it's proper."  Defense counsel then moved for a mistrial, stating, "We're talking about this man at this time."  The trial judge said, "You may proceed," whereupon defense counsel continued his closing argument.  No further objections or motions were made to the court.

Rule 5A:18 provides, in pertinent part, "No ruling of the trial court . . . will be reversed unless the objection was stated together with the grounds therefor at the time of the

-3-

ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." This rule places the parties on notice that they must give the trial court the first opportunity to rule on disputed questions. The purpose of the rule is to allow corrections of an error, if possible, during the trial, thereby avoiding the necessity of mistrials and reversals. To avoid these results, the rule places an affirmative duty on the parties to enter timely objections made during the trial. Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986). In this case, the objections set forth in the appellant's brief far exceed the objections made at trial and ruled upon by the trial judge. Therefore, they are not reviewable by this Court. Id.; see also Payne v. Commonwealth, 233 Va. 460, 464, 357 S.E.2d 500, 503-04, cert. denied, 484 U.S. 933 (1987). The only objection made in the trial court was: "Judge, I object, we're not talking about anything other than this case. This particular case and this particular man." We address only this objection.

Although the objection is not specific in stating its grounds, we take it that the defendant objected to the Commonwealth's argument that appellant's punishment be fixed at twenty years in order for it to act as a deterrent to other drug dealers in the community. The argument embodies the contention that the sentence should not take into consideration a deterrent effect upon any other persons except the appellant. We disagree

with the appellant's position.

We note that at the time the Commonwealth's attorney made the statements which the appellant finds improper, the prosecutor was addressing the issue of punishment. In his argument, the prosecutor made a clear demarcation between "guilt" and "punishment." He first argued that the undisputed evidence showed overwhelmingly that the appellant was guilty of the offenses charged. He then stated that "[i]n Virginia, however, that doesn't end the story, once you find the defendant guilty, in Virginia the jury sentences the defendant. So, you have to ask yourselves what then, after we find the defendant guilty, what happens then." He then proceeded to argue punishment. Clearly, the jury could not have confused the "guilt" and the "punishment" arguments because they were so clearly separated.

The statements we made and approved in Jackson v. Commonwealth, 12 Va. App. 798, 406 S.E.2d 415 (1991), are informative. We said:

> The potential harmful effects of cocaine are common knowledge and need not be proven in a prosecution for distribution in order for the prosecutor to draw inferences from the facts and comment upon them. Because the evidence allowed the Commonwealth's attorney to argue that the cocaine was packaged for distribution to the public, he properly drew the attention of the jury to the general effects of cocaine on the public and encouraged them to deter the crime of distribution.

Id. at 800, 406 S.E.2d at 416.

In Hutchins v. Commonwealth, 220 Va. 17, 20, 255 S.E.2d 459,

461 (1979), the Supreme Court said:

> [I]t is proper for a prosecutor to ask a jury to fix a punishment in a particular case that will deter others from committing like offenses. The prosecutor's request, however, must not appeal . . . to the jurors' passions by exciting their personal interests in protecting the safety and security of their own lives and property. And the prosecutor's statement must not confuse . . . the use of punishment and conviction for deterrent purposes. Conviction for an offense must be based solely upon evidence of guilt, and not upon considerations of deterrence.

See also Payne, 233 Va. at 468, 357 S.E.2d at 505 (holding that "while considerations of deterrence should not be the basis for a finding of guilt of the offense, such considerations may be argued in connection with the punishment to be assessed for the crime.").

We find that a Commonwealth's attorney may properly argue on the question of punishment the prevalence of crime in the community, the personal safety of its inhabitants and the jury's duty to uphold the law, so long as the thrust of the argument is to deter the defendant as well as others from committing similar crimes in the community. In this case, the Commonwealth's argument was directed at seeking a "stiff" sentence and showing that such a sentence would have a deterrent effect in the community. We find that the Commonwealth's argument was proper. Accordingly, we affirm the convictions.

Affirmed.

BENTON, J., dissenting.

The principle is well established in Virginia that "every person charged with a crime is entitled to have his [or her] case determined solely by the evidence produced at his [or her] trial." Dingus v. Commonwealth, 153 Va. 846, 851, 149 S.E. 414, 415 (1929). Statements made by a prosecutor in closing argument to a jury about other criminals and their inequities are improper and irrelevant. Id. See also Patterson v. Commonwealth, 16 Va. App. 390, 429 S.E.2d 896 (1993). Moreover, a prosecutor may not make an argument to a jury that "create[s] an atmosphere wherein a defendant may be convicted and punished, not just for the offense on trial, but to set an example to deter some . . . [other] criminal activity by some . . . [other] criminal actor." Hutchins v. Commonwealth, 220 Va. 17, 20, 255 S.E.2d 459, 461 (1979). Such an argument "divert[s] the [jurors'] attention from the evidence produced at trial" and inflames "the jurors' passions by exciting their personal interests in protecting the safety and security of their own lives and property." Id.

Although Hill's counsel failed to make a motion for a mistrial when the prosecutor first made inappropriate comments about the scourge inflicted by other drugs dealers, Hill's counsel did make a proper objection when the prosecutor made the improper remark. The record clearly establishes, however, that the prosecutor later exacerbated the matter when the following occurred during closing arguments:

> [HILL'S COUNSEL]: [T]he Commonwealth

> attorney when he closed up just a second ago there, he said we have to get these drug dealers off of the street. We're not talking about anything else other than this case. All the other things that are wrong with the City, we're not talking about those things today, we're talking about whether the Commonwealth has proved anything against this man and nothing else. And I ask you not to consider anything else.
>
> [PROSECUTOR]: Your Honor, I object the law is that it is in fact proper and the defense counsel knows it's proper.
>
> [HILL'S COUNSEL]: I move for a mistrial, Judge. We're talking about this man at this time.
>
> [JUDGE]: You may proceed, sir.

Not only did the prosecutor reconfirm his earlier improper remark, the prosecutor emphatically stated in the presence of the jury that his earlier improper comment, to which Hill's counsel had objected, was lawful. The motion for a mistrial was then immediately made and was timely. The trial judge's failure to instruct the jury or otherwise correct the prosecutor's comment could only have left the jury with the impression that the prosecutor's remark concerning the law was correct. The trial judge's inaction "served to approve and strengthen the improper argument and thereby had a natural and normal tendency to show that the views of the Commonwealth's Attorney were shared by the court." McLane v. Commonwealth, 202 Va. 197, 205, 116 S.E.2d 274, 280 (1960).

The majority opinion's holding in this case, "that a Commonwealth's attorney may properly argue on the question of

punishment prevalence of crime in the community, the personal safety of its inhabitants and the jury's duty to uphold the law, so long as the thrust of the argument is to deter the defendant as well as others from committing similar crimes in the community," simply disregards the holding in Hutchins.  I agree that a prosecutor may argue deterrence when asking a jury to set a punishment.  Id. at 20, 255 S.E.2d at 461; see also Payne v. Commonwealth, 233 Va. 460, 468, 357 S.E.2d 500, 505, cert. denied, 484 U.S. 933 (1987).  However, Hutchins instructs that "[t]he prosecutor's request, however, must not appeal . . . to the jurors' passions by exciting their personal interests in protecting the safety and security of their own lives and property."  Id. (Emphasis added).  The majority's holding not only allows a prosecutor to argue deterrence in setting a punishment for a defendant, but it also permits a prosecutor to entreat the jury to impose a large sentence to ensure that their particular neighborhoods are safe.  The decision approves the prosecutor's appeal to the jury's concerns for their property and personal safety:

> [S]omebody has to clean up the streets;
> they're selling cocaine on the streets of
> this City and we are killing the City and
> it's killing people. . . .  We will not be
> held up like a bunch of animals in cages
> while the drug dealers run the streets.

This decision is simply contrary to the decision in Hutchins.

Because the prosecutor's initial comment was improper and his later assertion informed the jury that those improper

comments were lawful, I would hold that the trial judge erred in denying the motion for a mistrial.  Therefore, I dissent.