Wilkins v. Commonwealth
253 Va. 156 (1997)

_____

**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 28th day of February, 1997.

Donald L. Wilkins,                                    Appellant,

   against    Record No. 961235
              Court of Appeals No. 1242-95-4

Commonwealth of Virginia,                             Appellee.


Upon an appeal from a judgment rendered by the Court of Appeals of Virginia on the 4th day of December, 1995.


Upon consideration of the record, the briefs, and argument of counsel, the Court is of opinion that no error exists in the judgment of the Court of Appeals of Virginia.

On March 31, 1995, a jury in the Circuit Court for the County of Fauquier returned a verdict convicting Donald L. Wilkins of attempted possession of phencyclidine, a controlled substance, in violation of Code § 18.2-257. As appears from an order entered by the trial court, "[w]hereupon the jurors received further evidence and were instructed by the Court as to punishment and heard evidence and argument of counsel and were sent back to their room to consider their verdict as to punishment." Authorized by the statute to impose a sentence upon conviction of "not less than one nor more than ten years," the jury returned its second verdict fixing the penalty at five years in the penitentiary. Upon consideration of the report of a probation officer, the trial court confirmed the two

verdicts and entered final judgment on May 30, 1995.

In the course of argument made at the penalty phase of the trial, the prosecutor told the jurors that "you have an opportunity as the conscience of this community to deal with this person" and that "in considering what is the appropriate verdict, you can indeed send the message to Mr. Wilkins . . . [and] to people similarly situated to Mr. Wilkins that we will not tolerate the sale and purchase of drugs in this county."  Wilkins objected to those statements and, in a petition for appeal addressed to the Court of Appeals of Virginia, challenged the trial court's ruling denying his motion for a mistrial.

Holding that "the argument was proper," the Court of Appeals of Virginia denied the petition, and this Court awarded Wilkins an appeal limited to consideration of that holding.

Wilkins notes on brief that "[n]othing should be done or permitted to . . . obscure the minds of the jurors on the question of whether or not [the accused] is guilty of the offense charged." That rule is fully supported by the precedents.  This Court, upon finding a manifest probability that a deterrence argument by a prosecutor had been a contributing cause of the defendant's conviction, has consistently reversed the judgment and remanded the case to the trial court.  See e.g., Kitze v. Commonwealth, 246 Va. 283, 435 S.E.2d 583 (1993); Hutchins v. Commonwealth, 220 Va. 17, 255 S.E.2d 459 (1979).

As an element of its rationale in <u>Hutchins</u>, this Court emphasized the need to avoid confusion between "the use of punishment and conviction for deterrent purposes," 220 Va. at 20-21, 255 S.E.2d at 461, and, citing <u>Hutchins</u> in <u>Payne v. Commonwealth</u>, 233 Va. 460, 468, 357 S.E.2d 500, 505, <u>cert. denied</u>, 484 U.S. 933 (1987), the Court explained that "while considerations of deterrence should not be the basis for a finding of guilt of the offense, such considerations may be argued in connection with the punishment to be assessed for the crime."

Here, the deterrence argument in issue was made in the penalty phase of the bifurcated trial. The Court finds no merit in the assignment of error, and the judgment of the Court of Appeals of Virginia is affirmed.

Justices Stephenson and Koontz took no part in the consideration or disposition of this appeal.

The defendant will pay to the Commonwealth thirty dollars in damages.

It is ordered that the said circuit court allow counsel for the appellant a fee of $725 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel's costs and necessary direct out-of-pocket expenses, and the

fees and costs to be assessed by the clerk of this Court and the clerks of the courts below.

This order shall be certified to the Court of Appeals of Virginia and the Circuit Court of the County of Fauquier and shall be published in the Virginia Reports.

A Copy,

Teste:

David B. Beach, Clerk

Costs due the Commonwealth
 by appellant in Supreme
 Court of Virginia:

Attorney's fee          $925.00 plus costs and expenses