COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


WALTER ARNOLD RAMOS LARA

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2858-05-4            JUDGE ROBERT P. FRANK
                                          APRIL 17, 2007
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                              William D. Hamblen, Judge

          William J. Baker for appellant.

          Gregory W. Franklin, Assistant Attorney General (Robert F.
          McDonnell, Attorney General; Donald E. Jeffrey, III, Assistant
          Attorney General, on brief), for appellee.


       Walter Arnold Ramos Lara, appellant, appeals his convictions for criminal gang

participation, pursuant to Code § 18.2-46.2, and malicious wounding, pursuant to Code § 18.2-51.2.

Appellant contends that the trial court erred in denying three separate motions for a mistrial.  Upon

review of the record and briefs of the parties, we find that, under Rule 5A:18, appellant failed to

adequately preserve his arguments in the trial court.  Accordingly, we affirm appellant's

convictions.

                                    BACKGROUND

       Appellant was tried before a jury on charges of criminal gang participation and

aggravated malicious wounding in connection with the beating and stabbing of the victim.  The

Commonwealth sought to prove that appellant was a member of a gang that participated in a

group assault on the victim outside of a nightclub.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

First Motion for Mistrial

In her opening statement, the Commonwealth made the following remarks:

> We have a problem in this county, and we have a problem in
> Northern Virginia, and it's gangs. Gang activity is on the rise.
> The Governor and the Attorney General's Office are adamant that
> we're going to do something about this. The Commonwealth's
> attorney in Prince William County, Paul Eibert –

At that time, appellant objected, stating, "It's supposed to be a summary of evidence, not public policy." The trial court sustained appellant's objection, agreeing that the Commonwealth's statements were "argumentative."

The Commonwealth continued:

> This happened in our county. Right down the road from here.
> Please pay attention to that. These people were not from Prince
> William County. In fact, you're going to hear testimony that they
> came from Loudoun County and Fairfax County. . . .
>
> I want you to pay attention to this, ladies and gentleman,
> because without any kind of intervention in this kind of problem
> that I've brought to you in this case today –

Appellant objected, and, in a bench conference, moved for a mistrial:

> Judge, the purpose of opening statement is to summarize the
> evidence for the jury, and it is not to make false statements and that
> what we need to do and political overtones.
>
> And I objected once. We're going into again what we need to
> do. It's improper. I'm moving for a mistrial, and it's totally
> improper for that in opening statement. The sole purpose of
> opening statement is to comment on evidence.

The trial court directed the Commonwealth, "You may not argue the case to the jury. . . .

Opening statement is to summarize what the evidence is going to be." The trial court denied

appellant's motion for a mistrial, but gave a cautionary instruction to the jury as follows:

> Ladies and gentlemen, to the extent that counsel has done
> anything in her opening statement other than to argue -- other than
> outline what the evidence is going to be, disregard that. Argument
> is properly done at the conclusion of the evidence, not at this stage
> of the trial.

## Second Motion for Mistrial

On cross-examination of one of appellant's witnesses, the Commonwealth questioned the witness about her prior criminal record. The witness admitted being charged with a felony for forgery, but was convicted of a misdemeanor, the specifics of which she did not remember. When the Commonwealth approached the witness with her criminal record to attempt to refresh her memory, the witness expressed difficulty in reading the record. The Commonwealth said, "These are the charges that you were charged [sic] and the disposition of those charges. *Nolle prossed*, *nolle prossed*."

Appellant objected and moved for a mistrial. Appellant argued that by saying "*nolle prossed*" twice and referring to "charges," the Commonwealth was improperly trying to impeach the witness with offenses that did not result in a conviction. The trial court, while recognizing that this evidence was inadmissible, denied appellant's motion for a mistrial. The trial court observed that it was a "fleeting reference" and that "it's something that's more likely than not, sort of went over the jury's head."

The trial court then instructed the jury:

> Ladies and gentlemen of the Jury, prior to the break, reference was made to other charges which at some point might have been pending against this witness but were dropped.

> You will disregard that reference in its entirety. The fact that other charges may at one point have been pending against this witness is of no probative value in assessing her credibility.

## Third Motion for Mistrial

On cross-examination of appellant, the Commonwealth asked appellant about two letters he had received, while incarcerated, from a gang member who had been convicted of the same crimes for which appellant was on trial. Appellant denied having a copy of the letters. The Commonwealth then said, in the presence of the jury, "Judge, at this time, I'm going to ask the

Court for its indulgence in taking a recess. I have a search warrant that's being executed and a document that I would like to use." The trial court denied the Commonwealth's request for a recess and instructed the Commonwealth to continue cross-examination. Appellant offered no objection or motion at that time.

After returning from a lunch break, appellant said, "I would renew my motion for a mistrial in this case because [the Commonwealth's comment about the search warrant] was improper." The trial court responded, "You didn't make a motion for mistrial when that statement was made." The trial court did not rule on appellant's motion, nor did he instruct the jury regarding the Commonwealth's comment.

The jury convicted appellant of criminal gang participation and malicious wounding,[1] and sentenced appellant to 12 months in jail for criminal gang participation and five years in prison for malicious wounding.

This appeal follows.

ANALYSIS

On appeal, appellant contends that the trial court erred in denying his motions for mistrial.

As to the first motion for mistrial, appellant argues that the Commonwealth's allusion to the street gang problem in Northern Virginia and her demand that the jury "do something about this problem" improperly prejudiced the jury into convicting appellant in order to "stamp out gang related violence." Appellant relies on the case of Hutchins v. Commonwealth, 220 Va. 17, 255 S.E.2d 459 (1979).[2]

---

[1] The jury found appellant guilty of malicious wounding, a lesser-included offense of aggravated malicious wounding.

[2] In Hutchins, the Supreme Court reversed the defendant's convictions for burglary and grand larceny where the Commonwealth argued in closing that the jury should "send a message" to residents of a neighboring city and impose a sentence that would protect county property

However, appellant never made this argument to the trial court. He contended only that the Commonwealth's comments were in the nature of an argument and that argument was "improper" during an opening statement, which he observed was intended only to summarize the evidence. The trial court recognized this distinction, instructing the jury only that argument was not appropriate "at this stage of the trial."

Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefore at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Under Rule 5A:18, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. See Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). The purpose underlying this rule is to afford the trial court an opportunity to rule intelligently on the arguments presented and to take corrective action if necessary. Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992).

Appellant never argued at trial that the Commonwealth's opening statement improperly asked the jury to convict appellant for the purpose of deterring gang violence. Thus, we find that appellant did not properly preserve this issue for appellate review and we therefore will not address it for the first time on appeal. See Rule 5A:18.

As to his second and third motions for mistrial, appellant argues only that the Commonwealth's introduction of "improper matters," taken in conjunction with the Commonwealth's comments during opening statements, had a "cumulative effect" that

---

owners from "intruders" from the neighboring city. Hutchins v. Commonwealth, 220 Va. 17, 18-19, 255 S.E.2d 459, 460-61 (1979). The Supreme Court held that "[c]onviction for an offense must be based solely upon evidence of guilt, and not upon considerations of deterrence." Id. at 21, 255 S.E.2d at 461.

constituted prejudice to appellant. This argument regarding cumulative effect was never presented to the trial court when appellant made his second and third motions for mistrial. As such, appellant did not properly preserve this issue and we will not address it for the first time on appeal. See Rule 5A:18.

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider such an argument *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

### CONCLUSION

As appellant did not raise any of his arguments on appeal before the trial court, Rule 5A:18 bars our consideration of these issues for the first time on appeal. Appellant does not argue that we should invoke the exceptions for good cause or to meet the ends of justice. Accordingly, we affirm appellant's convictions criminal gang participation and malicious wounding.[3]

Affirmed.

---

[3] While we find that appellant has defaulted his arguments about the trial court's failure to grant a mistrial, we certainly do not condone the behavior of the assistant Commonwealth's attorney in this case, who continued to make improper comments in the presence of the jury despite repeated admonitions by the trial court.