# Richmond

WILLIAM BLOUNT v. COMMONWEALTH OF VIRGINIA.

April 23, 1973.

Record No. 8143.

Present, All the Justices.

*Paul M. Lipkin; Robert H. Anderson, Jr.* (*Goldblatt, Lipkin, Cohen, Anderson, Levy & Jenkins,* on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

William Blount was convicted in the trial court, sitting with a jury, of unlawfully and feloniously distributing heroin. He is here on a writ of error to the judgment order imposing a sentence, in accordance with the jury verdict, of thirty-five years in the State penitentiary and payment of a fine of $25,000.

Blount's assignments of error that merit our consideration challenge the trial court's actions in (1) ruling on two instructions, (2) refusing to permit certain cross-examination by Blount's counsel of the principal witness for the Commonwealth, and (3) permitting allegedly improper argument to be made by the Commonwealth's Attorney.

The Commonwealth's evidence shows that two detectives on July 17, 1971, conducted a surveillance of premises in the City of Norfolk occupied by Dolly's Used Furniture and Antiques, a business operated by Blount's wife, Dolly. They observed Blount come out of the shop, look around and go back inside. About fifteen minutes later Alton Wilson, known to the officers as a user of narcotics, came out of Dolly's and drove off in an automobile that had been parked in front of the store.

After following Wilson for several miles the officers stopped him and found fifty capsules of heroin in his car. They arrested him and charged him with possession of heroin with intent to distribute it. Subsequently, Blount was indicted for selling the heroin to Wilson.

At Blount's trial Wilson was the principal witness for the Commonwealth. He testified that he purchased the fifty capsules of heroin from Blount and intended to resell them to addicts. He also testified that he had received no promise of reward or special consideration for testifying, although he admitted that the case against him had been nol prossed. Obviously, the Commonwealth's case against Blount depended on Wilson's credibility. If Wilson's testimony was credible there was sufficient evidence to support Blount's conviction. Blount did not testify and no evidence was introduced on his behalf.

Blount offered Instruction C2-A reading in pertinent part as follows:

"Although one or more witnesses may positively testify as to an alleged fact and although said statement may not be contradicted by witnesses, the jury may altogether disregard said statement if you believe the same to be *improbable or* untrue." (Emphasis added.)

Over objection the trial court, before granting the instruction, deleted the words "improbable or", to which action Blount has assigned error.

The instruction was based upon the exception to the general rule that where an unimpeached witness testifies positively to a fact and is uncontradicted the jury may not discredit his testimony. As given, but not as tendered, the instruction was a correct statement of the exception. The jury could but did not have to believe Wilson's uncontradicted testimony. Whether or not the witness is contradicted the test is still credibility, as determined by the jury.

If the statements of an uncontradicted witness are "inherently improbable", *Stegall* v. *Commonwealth*, 208 Va. 719, 722, 160 S.E.2d 566, 568 (1968), or "grossly improbable", *Presley* v. *Commonwealth*, 185 Va. 261, 266, 38 S.E.2d 476, 478 (1946), the jury may disbelieve him. But the exception only means that uncontradicted testimony may be disregarded if the jury believes that it is untrue. In determining whether it is untrue the jury may rely on such factors as the manner of the witness, as the jury here was advised in the usual credibility instruction, and the inherent improbability of his statements. So the instruction as offered was incomplete and misleading in its reference to improbability.

Moreover, there was nothing inherently improbable about Wilson's testimony. He admitted buying the heroin from Blount at a time and place where the officers testified that he and Blount were together. The question for the jury to answer was whether Wilson was telling the truth. *See Belton* v. *Commonwealth*, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958). There was no error in giving the instruction as amended.

Blount has also assigned error to the trial court's modification of Instruction C-8, offered by him, by deleting therefrom the italicized language:

"The Court instructs the jury that, while they may find a verdict upon the supported or unsupported testimony of an accomplice, such evidence is to be received with great caution, *and the Court, in this case, warns the jury of the danger of basing a verdict on the unsupported testimony of an accomplice.*

"The Court further instructs the jury that the testimony of an accomplice must be received with great care and caution, and if you believe the testimony of an alleged accomplice was false, and that he was induced to testify falsely either by fear of punishment

or hope of reward, you must disregard that testimony in its entirety." (Emphasis added.)

The Attorney General, relying on *Walker* v. *Commonwealth*, 212 Va. 289, 291, 183 S.E.2d 739, 741 (1971), argues persuasively that Wilson was not an accomplice of Blount's and that Blount was therefore not entitled to any cautionary instruction as to the testimony of an accomplice. Nevertheless, it appears that the Commonwealth did not object to the instruction as modified and given by the trial court. As the case was tried on the theory that Wilson was an accomplice, we will consider the instruction.

Although the jury may convict an accused upon the unsupported testimony of an accomplice, such evidence should be received and acted upon with great caution. *Brown* v. *Commonwealth*, 208 Va. 512, 515, 158 S.E.2d 663, 666 (1968). Instruction C-8 encompassed, within the admonition of the trial court, supported as well as unsupported testimony of an accomplice. The cautionary language, reemphasized in the second sentence of the instruction, also pointed out the ever-present possibility that an accomplice may be induced to testify falsely by fear of punishment or hope of reward.

The first sentence of the tendered instruction was in identical language to an instruction which was upheld in *Draper* v. *Commonwealth*, 132 Va. 648, 659-60, 111 S.E. 471, 474-75 (1922). But there we merely held that, in view of the caution with which the jury was admonished in the instruction, the failure of the trial court to include in this or another instruction language that would have correctly informed the jury that the evidence of one accomplice cannot be deemed to corroborate that of another was not reversible error.

The entire instruction as offered was in identical language to one that was refused by the trial court in *Clinton* v. *Commonwealth*, 204 Va. 275, 282-83, 130 S.E.2d 437, 442-43 (1963), *rev'd on other grounds*, 377 U.S. 158 (1964). This refusal was affirmed by us because the witness was not an accomplice. Furthermore, her testimony was not unsupported.

We conclude that Instruction C-8, as given, was a fair and adequate statement of the applicable law and that the additional language requested by Blount was unnecessary. Moreover, Wilson's testimony was not unsupported, but was corroborated in important particulars by that of the police officers. Hence, we find no reversible error in the granting of the instruction, as modified by the trial court.

■ Blount next complains that the trial court erred in limiting his cross-examination of Wilson. On redirect examination Wilson testified that after his arrest he attempted to communicate by telephone with Blount to see whether the latter would, in accordance with their "deal", arrange to get Wilson out on bond or provide him with a lawyer. Wilson said that he did not talk to Blount but to Blount's wife, Dolly. When Blount's counsel objected to testimony as to the conversation, the trial court ruled that Wilson could relate only what he said to Dolly, but the Commonwealth's Attorney asked no further questions on the subject.

On recross-examination Blount's counsel, in complete reversal of his earlier position, attempted to pursue the matter by asking Wilson what he said to Blount's wife on the telephone. Upon objection the trial court ruled that only the fact that the telephone call had been made by Wilson and the purpose of the call could be put in evidence and that no inquiry into the conversation itself would be permitted. Blount has cited no authority to support his argument that the trial court committed reversible error in so ruling. He has not shown that the ruling was prejudicial to him. He did not proffer the testimony that he now says was improperly excluded. Accordingly, we hold that any error that may have been committed by the trial court in limiting the cross-examination of Wilson was harmless. *See Lewis* v. *Commonwealth,* 209 Va. 602, 608, 166 S.E.2d 248, 253 (1969).

■ Finally, Blount says that he was prejudiced by the closing argument of the Commonwealth's Attorney. But Blount's actions are incompatible with his allegation of prejudice. While interrupting the Commonwealth's Attorney several times to complain that he was going outside the record in his argument, Blount interposed objection to only one remark. Proper objection was not otherwise made. More significantly, Blount did not ask that a cautionary admonition be given directing the jury to disregard allegedly improper argument, nor did he make a motion for a mistrial. Under these circumstances we find no merit in this assignment of error. *See Price* v. *Commonwealth,* 213 Va. 113, 121, 189 S.E.2d 324, 330 (1972), *petition for cert. filed,* 41 U.S.L.W. 3115 (U.S. Aug. 30, 1972) (No. 72-357).

For the reasons stated herein the judgment is

*Affirmed.*