### Norfolk

RAYMOND MARTINEZ, JR., a/k/a "BEETLE"

v.

COMMONWEALTH OF VIRGINIA

No. 1616-88-1

Decided August 14, 1990

COUNSEL

Lawrence D. Gott (Dickinson & Gott, on brief), for appellant.

Katherine B. Toone, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J.—The appellant, Raymond Martinez, Jr., a/k/a Beetle, in a jury trial, was convicted of three counts of distribution of cocaine in violation of Code § 18.2-248. In accordance with the jury verdict, he was sentenced to seven years imprisonment on each count. On appeal, the sole question that Martinez raises is whether the prosecution may ask for a specific punishment during final argument.

■ Under well-established principles, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On December 10, 17 and 18, 1988, an undercover agent of the Virginia State Police and an informant, known by the defendant, were approached by the defendant and asked what they wanted. The defendant was told on each of three separate occasions that they wanted cocaine. Martinez directed the agent where to go and accompanied the agent and the informant. In each instance, the defendant was given a specific amount of money and told how much cocaine to buy. Each time the defendant brought back the proper amount of cocaine.

During the closing argument, both the Commonwealth's attorney and defense counsel argued the merits of the case in a straight, forthright manner. The primary emphasis made by both was directed to the burden of proof, credibility of the witnesses, and the weight of the evidence. The argument was focused upon the guilt or innocence of the defendant. The argument made by the Commonwealth's attorney was based upon the Commonwealth's theory of the case and was justified by substantial evidence offered to support the argument. In his argument, he did not appeal to the passion, prejudice and sympathy of the jury,

and, generally, his argument did not deviate from the issues framed by the court's instructions.

However, while arguing punishment, he made the following statement:

Now, I'm asking you to do something. I'm asking you to convict him on each count. All three counts individually. Each count.

The penalty, as you will see from the instructions, is five to forty years on each count, plus a fine of up to $100,000 on each count. The Commonwealth is not that interested in the amount of the fine. We are interested in the amount of time. I'm asking you to give this crack dealer twenty years on each count.

Defense objected at this point:

Objection. I think this is an invasion of the province of the jury. The Court instructed the jury on the range of the time that is appropriate to the defendant. In this instance, the Commonwealth should argue the evidence which gives a specific time to be applied for the sentence.

When the trial court overruled the objection, defense counsel sought no cautionary instruction or mistrial. The Commonwealth's attorney repeated his argument for a specific sentence:

I'm asking you for twenty years. I'm asking you for twenty years. I'm asking you to look at the evidence to convict him and then give him twenty years on each count; to punish him for being a crack dealer, and the other reason to deter others from doing it. That's a legitimate goal. That's a legitimate goal for the jury.

Martinez contends that because the Commonwealth's attorney argued for a specific term (twenty years) as punishment, the argument was improper and substantially prejudiced him. This is the only issue he raised in the trial court and the only issue that we will address in this appeal. Rule 5A:18.

The Commonwealth contends that Martinez did not properly preserve the objection for appeal, claiming that an error in the

prosecutor's closing argument will not be considered on appeal unless the defendant timely objects to the argument at trial and requests either a cautionary instruction or a mistrial. It cites as authority *Price v. Commonwealth*, 213 Va. 113, 121, 189 S.E.2d 324, 330 (1972), *cert. denied*, 419 U.S. 902 (1974), and *Blount v. Commonwealth*, 213 Va. 807, 811, 195 S.E.2d 693, 696 (1973). The Commonwealth further maintains that if the objection was properly preserved, it was without merit because the prosecutor is permitted to request a specific punishment in final argument.

■ We disagree with the Commonwealth that where the trial judge has overruled an objection to the Commonwealth attorney's closing argument defense counsel must request a cautionary instruction or a mistrial in order to preserve the issue for appeal. Martinez objected to the prosecutor's argument with specificity and the judge overruled the objection. Since the objection was overruled on the basis that the argument was proper, Martinez was not entitled to a cautionary instruction. The evidence upon which the argument was based had not been admitted for a limited purpose, and the trial judge ruled that the argument constituted permissible comment on the evidence. Since the trial judge ruled that the argument was proper, there was no reason to request a limiting or cautionary instruction. A motion for a mistrial also would have been a useless gesture because the objection had been overruled on the basis that the argument was proper.

■ For many years a defendant had to make both an objection and note an exception to the court's ruling in order to preserve a point for appeal. Unless both were made, the issue was waived. "[I]n order to secure the right to have a question reviewed on appeal, objection to the trial court's ruling must be made and exception taken at the time the occasion arises, otherwise the point is waived." *Gaumont v. State Highway Comm'r*, 205 Va. 223, 225, 135 S.E.2d 790, 791 (1964). If the party objecting intended to rely on an erroneous ruling in the trial court as a ground for reversal in the Supreme Court, he had to make exception thereto in the trial court. *See Gall v. Great Atl. & Pac. Tea Co.*, 202 Va. 835, 838, 120 S.E.2d 378, 381 (1961). It was not until the 1950 Rules were formulated that the requirement for an exception was eliminated and now the only requirement is that a timely and specific objection be made. *See* Rule 5A:18.

■ A cautionary instruction does, however, serve a useful purpose when the Commonwealth's attorney has made an improper argument. In such an event, the trial court can often cure any prejudice to the defendant by giving a prompt cautionary instruction to the jury urging them to disregard the improper argument. Where the Commonwealth attorney's argument is improper, defense counsel should request a cautionary instruction if the impropriety can be cured by one. Some statements are so egregious that a cautionary instruction will not suffice to remove the prejudice to the defendant. In this case, a motion for a mistrial is appropriate. In *Spencer v. Commonwealth*, 143 Va. 531, 129 S.E. 351 (1925), the Supreme Court said the decisions in Virginia support these two general propositions:

> 1. That a new trial may be allowed where the court has failed or refused to properly check improper remarks or argument of counsel, or to properly instruct the jury thereon, but the statements must be fairly calculated to improperly influence the jury.
> 2. That there are cases in which the effect of statements of counsel cannot be adequately overcome by direction to the jury to disregard the objectionable statements.

*Id.* at 535, 129 S.E. at 352 (citations omitted).

■ A trial court faces a difficult task in determining what argument is proper and what is improper. A trial court's ruling will be permitted to stand unless it is made to appear probable that the party complaining has been substantially prejudiced by the objectionable remarks or arguments. *See McLean v. Commonwealth*, 186 Va. 398, 401, 43 S.E.2d 45, 46-47 (1947); *Hubbard v. Commonwealth*, 190 Va. 917, 931, 59 S.E.2d 102, 109 (1950).

■ A trial court, faced with a timely claim of improper argument on the part of the Commonwealth's attorney, must first determine whether the argument is proper or improper. If the argument is improper, the judge must determine whether he or she can cure the prejudice to the defendant by giving a cautionary instruction to the jury to disregard the argument. If the trial judge in his or her discretion finds that a cautionary instruction will not suffice to remove the prejudice, then he or she should declare a mistrial.

In *Brown v. Commonwealth*, 208 Va. 512, 158 S.E.2d 663 (1968), the Commonwealth's attorney argued: "[Y]et he [defense counsel] would have the gall to stand up here and say to you that the Commonwealth has not done its duty, when he has objected to everything that we have tried to do today." *Id.* at 519, 158 S.E.2d at 668. Defense counsel objected to the argument. The Supreme Court found the argument to be improper but since defense counsel made no motion for a mistrial, there was no duty on the trial court to declare a mistrial on its own motion. *Id.* at 519, 158 S.E.2d at 669.

In another case reversing the trial court and granting a new trial, the Supreme Court approved the following guideline:

> The question as to whether the error is sufficiently prejudicial to the rights of the defendant to require a reversal of the case for a new trial . . . depends upon two chief considerations: first, whether timely objection was interposed at trial, and second, whether the court cured the error by immediately instructing the jury to disregard the evidence as being improper.

*Ward v. Commonwealth*, 205 Va. 564, 573, 138 S.E.2d 293, 300 (1964).

▮ The Supreme Court has approved the general rule that improper conduct of counsel may usually be cured by prompt and decisive action of the trial court and a judgment will not be set aside when the trial court directs the jury to disregard counsel's actions unless there is a manifest probability that the statement has been prejudicial to the adverse party. *Lewis v. Commonwealth*, 211 Va. 80, 82-83, 175 S.E.2d 236, 238 (1970). Conversely, as an exception to the rule, if the prejudicial effect of the impropriety cannot be removed by the instruction of the trial court, the defendant is entitled to a new trial. *Id.* at 83, 175 S.E.2d at 238. Whether the conduct was prejudicial is basically a question of fact to be determined in the light of all the circumstances in each particular case. *Id.*; *see also O'Dell v. Commonwealth*, 234 Va. 672, 703-04, 364 S.E.2d 491, 509, *cert. denied*, 488 U.S. 871 (1988); *Payne v. Commonwealth*, 233 Va. 460, 467-68, 357 S.E.2d 500, 504, *cert. denied*, 484 U.S. 933 (1987); *Clozza v. Commonwealth*, 228 Va. 124, 136-38, 321 S.E.2d 273, 281-82 (1984), *cert. denied*, 469 U.S. 1230 (1985); *Dunn v. Com-*

*monwealth,* 222 Va. 750, 752-53, 284 S.E.2d 807, 808 (1981); *Saunders v. Commonwealth,* 218 Va. 294, 303, 237 S.E.2d 150, 156 (1977); *Smith v. Commonwealth,* 213 Va. 781, 784-85, 195 S.E.2d 845, 848 (1973); *Artis v. Commonwealth,* 213 Va. 220, 227-28, 191 S.E.2d 190, 192 (1972); *Trout v. Commonwealth,* 167 Va. 511, 522-23, 188 S.E. 219, 224 (1936).

The Commonwealth relies upon *Price* and *Blount* as authority for the proposition that Martinez did not properly preserve his objection because, in addition to his specific objection, he did not request either a cautionary instruction or a mistrial. *Price* deals with the subject of improper argument and, thus, is clearly distinguishable from this case, in which the court ruled the argument proper. In *Price,* both counsel went outside the record in their final arguments. Defense counsel only objected to one remark, which the Supreme Court characterized as improper. No cautionary instruction was asked for and a motion for a mistrial was not made until the jury retired to deliberate. The holding of the Supreme Court was that the motion for a mistrial was untimely. *Price* does not control in this instance.

In *Blount,* the defendant claimed that he was prejudiced by the closing argument of the Commonwealth's attorney. The Supreme Court stated that Blount interposed objection to only one remark and did not ask for a cautionary instruction or make a motion for a mistrial. The Court found that this action was incompatible with the defendant's allegation of prejudice. The Court found no prejudice to the defendant in the comment made in the closing argument. *Blount* involved an improper argument, not prejudicial to the defendant, and does not control in this case.

Martinez argues that he was prejudiced by the argument of the Commonwealth's attorney, who requested rather forcefully that the jury should fix the defendant's punishment at twenty years in the penitentiary on each of three counts. It is probable that an unrebuked, improper remark of the Commonwealth's attorney may unfairly influence the jury either in determining the guilt or in fixing punishment. We must address both issues.

The first question that we must address is whether a Commonwealth's attorney is entitled to argue to the jury to assess a fixed number of years against the defendant when the statute authorizes the jury to fix the punishment between the minimum

and maximum number of years according to the court's punishment instruction. The Supreme Court has never ruled upon this precise issue. In *Jackson v. Commonwealth*, 193 Va. 664, 70 S.E.2d 322 (1952), the Supreme Court held the Commonwealth's attorney had a right "to argue the evidence and the fair inferences from it with respect both to the defendant's guilt and to a fitting punishment." *Id*. at 675, 70 S.E.2d at 329. In *Timmons v. Commonwealth*, 204 Va. 205, 129 S.E.2d 697 (1963), the Supreme Court held that "he has a right to combat the argument of the defendant's counsel and to refer to the evidence and fair inferences from it . . . both with respect to the guilt of the accused and a proper measure of punishment." *Id*. at 216-17, 129 S.E.2d at 705. In *Hutchins v. Commonwealth*, 220 Va. 17, 255 S.E.2d 459 (1979), the Supreme Court held that "it is proper for a prosecutor to ask a jury to fix a punishment in a particular case that will deter others from committing like offenses." *Id*. at 20, 255 S.E.2d at 461. All of these cases speak in general terms and none declare that it is proper for the prosecutor to argue to the jury that they should fix as punishment a specific number of years between the minimum and maximum allowed for the crime charged. As determined from the cases, the appropriate areas of jury argument are: (1) summation of the evidence; (2) review of reasonable inferences deducible from the evidence; (3) a response to argument of opposing counsel; and (4) a reasonable plea for law enforcement. *See Randell v. State*, 770 S.W.2d 644, 646-47 (Tex. Ct. App. 1989). In this case, we need not set definitive limitations on the scope of the Commonwealth's attorney's right to argue the issue of punishment. For purposes of this decision, we will assume that the argument in this case was improper and that the trial court erroneously took no action to cure the impropriety. We are then faced with the issue whether the defendant was prejudiced by the objectionable argument.

The defendant has argued that he was prejudiced by the argument but he has not specified in what manner he was prejudiced. We are left only with speculation and conjecture. Since the improper argument had nothing to do with the guilt of the defendant, we find that the defendant sustained no prejudice in the jury's determination of his guilt. Further, the trial court instructed the jury that if it found the defendant guilty, it could fix the punishment at a specific term of imprisonment, but not less than five nor more than forty years and a fine of not more than $100,000 on

each count. The jury's verdict was seven years on each count with no fine assessed. It is obvious from the verdicts that the argument of the Commonwealth's attorney did not influence the jury in the assessment of the punishment. The punishment assessed was close to the minimum prescribed by law and was justified under the evidence. Accordingly, we find that the defendant sustained no prejudice as a result of the improper argument of the Commonwealth's attorney.

For the reasons stated herein, we affirm the judgment of the trial court.

*Affirmed.*

Baker, J., and Duff, J., concurred.