COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


TERRANCE T. SMITH, S/K/A
 TERRENCE T. SMITH
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0161-96-1              JUDGE RICHARD S. BRAY
                                        FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     William T. Rutherford, Judge

              Michael D. Kmetz (Kmetz & McMillin, on
              brief), for appellant.

              Monica S. McElyea, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on
              brief), for appellee.


        Terrance T. Smith (defendant) was convicted in a jury trial

of possession of cocaine with intent to distribute.  On appeal,

defendant contends that the trial court erroneously denied his

motion for a mistrial following the Commonwealth's introduction

of evidence involving a confidential informant without disclosing

the informant's identity.  Finding no error, we affirm the

conviction.

        The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

        "When a motion for mistrial is made, based upon an allegedly

prejudicial event, the trial court must make an initial factual

--------------------------------

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

determination, in the light of all the circumstances of the case, whether the defendant's rights are so 'indelibly prejudiced' as to necessitate a new trial."  Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990), cert. denied, 498 U.S. 908 (1991).  "A trial court's ruling will be permitted to stand unless it is made to appear probable that the party complaining has been substantially prejudiced by the objectionable [event]."  Martinez v. Commonwealth, 10 Va. App. 664, 669, 395 S.E.2d 467, 470 (1990), aff'd as modified, 241 Va. 557, 403 S.E.2d 358 (1991); see Cheng v. Commonwealth, 240 Va. 26, 40, 393 S.E.2d 599, 607 (1990).

"As a general rule, 'the identity of a person furnishing the prosecution with information concerning criminal activities is privileged.'"  Daniel v. Commonwealth, 15 Va. App. 736, 739, 427 S.E.2d 423, 425 (1993) (quoting Gray v. Commonwealth, 233 Va. 313, 328, 356 S.E.2d 157, 165, cert. denied, 484 U.S. 873 (1987)).  The purpose of this privilege is "'to further and protect the public's interest in effective law enforcement.'"  Id. (quoting Gray, 233 Va. at 328, 356 S.E.2d at 165).  Nevertheless, the prosecution must disclose the identity of an informant whenever "'relevant and helpful to the defense of the accused'" or "'essential to a fair determination of [the] cause.'"  Keener v. Commonwealth, 8 Va. App. 208, 212, 380 S.E.2d 21, 24 (1989) (quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957)).  In resolving this issue, the trial court must

"'balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense.'" Id. (quoting Roviaro, 353 U.S. at 62).

Here, assuming, without deciding, that the court correctly ruled that disclosure of the informant was necessary under the circumstances which developed during trial, the court did not abuse its discretion in denying defendant's mistrial motion, admonishing the jury to ignore the related evidence. The court correctly noted that "[the jurors] haven't really received any information yet on what happened" in the informant's "controlled purchase," and instructed them to specifically "disregard any testimony that [Detective Geier] has given in regards to any sort of a controlled buy." "A judgment will not be reversed for the improper admission of evidence that a court subsequently directs a jury to disregard because juries are presumed to follow prompt, explicit, and curative instructions." Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420, cert. denied, 510 U.S. 859 (1993). Defendant has presented no evidence to suggest that the jury did not adhere to the instruction in this instance.

Accordingly, we affirm the conviction.

Affirmed.