COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DUWON MAURICE JACOBS

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1741-95-1     JUDGE RICHARD S. BRAY
                                       FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA

        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   Von L. Piersall, Jr., Judge

        Dianne G. Ringer, Senior Assistant Public
        Defender, for appellant.

        Kimberley A. Whittle, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Duwon Maurice Jacobs (defendant) was convicted in a jury

trial of attempted rape and forcible sodomy and sentenced to

eight and twenty-five years, respectively.  On appeal, he

complains that the court erroneously denied his motion for a

mistrial arising from improper argument by the Commonwealth to

the jury and did not adequately instruct the jury to ignore the

comments.  We disagree and affirm the convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     "When a motion for mistrial is made, based upon an allegedly

prejudicial event, the trial court must make an initial factual

determination, in the light of all the circumstances of the case,

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

whether the defendant's rights are so 'indelibly prejudiced' as to necessitate a new trial." Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990), cert. denied, 498 U.S. 908 (1991). "A trial court's ruling will be permitted to stand unless it is made to appear probable that the party complaining has been substantially prejudiced by the objectionable remarks or arguments." Martinez v. Commonwealth, 10 Va. App. 664, 669, 395 S.E.2d 467, 470 (1990), aff'd as modified, 241 Va. 557, 403 S.E.2d 358 (1991). Whether to grant a mistrial rests within the sound discretion of the trial judge, and, "absent a showing of abuse of discretion, the court's ruling will not be disturbed on appeal." Cheng v. Commonwealth, 240 Va. 26, 40, 393 S.E.2d 599, 607 (1990).

The prosecutor appropriately may "refer to the evidence and fair inferences from it . . . both with respect to the guilt of the accused and a proper measure of punishment." Martinez, 10 Va. App. at 672, 395 S.E.2d at 472 (quoting Timmons v. Commonwealth, 204 Va. 205, 217, 129 S.E.2d 697, 705 (1963)). The prosecutor also may "ask a jury to fix a punishment in a particular case that will deter others from committing like offenses" as long as it does "not appeal . . . to the jurors' passions by exciting their personal interests in protecting the safety and security of their own lives and property." Hutchins v. Commonwealth, 220 Va. 17, 20, 255 S.E.2d 459, 461 (1979). "Whether the words used were prejudicial must be judged by a

review of the totality of the evidence." Fain v. Commonwealth, 7 Va. App. 626, 629, 376 S.E.2d 539, 541 (1989).

Here, the victim testified that she struck defendant in the genitals in order to thwart the attack. Her testimony was competent, credible, and corroborated by defendant's statement to police shortly after the assault that his genitals "hurt[]." During the sentencing phase of trial, the prosecutor argued, "[Y]ou twelve [jurors] have to decide . . . what is the best way . . . to let Mr. Jacobs know that what he did was . . . wrong . . . . Just try and remember Lorean [, the victim]. Do what's right for her. She fought back the best way she could. Carry on her fight for her now."

Viewing the evidence as a whole, we cannot find it likely that defendant was prejudiced by the prosecutor's plea that the jury "carry on" the victim's fight.[1] This conclusion finds further support in a curative instruction by the court reminding the jury that "comments made by the attorneys is [sic] argument," that they should "follow the instructions . . . keep[ing] in mind the evidence." LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983) ("Unless the record shows the contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given."), cert. denied, 464 U.S. 1063 (1984). Although defendant argued that the instruction was not

---

[1]We also note that the jury sentences for both offenses were less than the maximums prescribed by the applicable statutes.

- 3 -

sufficiently specific, the court reasoned that greater detail would have needlessly emphasized the comments.  We agree.

Accordingly, the convictions are affirmed.

Affirmed.
