COURT OF APPEALS OF VIRGINIA


Present:   Humphreys, McClanahan and Petty
Argued at Salem, Virginia


HARLEN (HARLON) DILLON BLANKENSHIP

MEMORANDUM OPINION[*] BY
v.        Record No. 2250-05-3                JUDGE ROBERT J. HUMPHREYS
JANUARY 9, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

Benjamin G. Sharp (Gerald F. Sharp, P.C., on briefs), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


Harlen Dillon Blankenship ("Blankenship") appeals his convictions for distribution of a

controlled substance, and conspiracy to distribute a controlled substance, in violation of

Code §§ 18.2-22 and 18.2-248.  He contends that the trial court erred in allowing the prosecutor

to make improper remarks to the jury during his closing argument.  For the reasons that follow,

we hold that Blankenship failed to properly preserve the issue for appeal, and thus, we affirm the

convictions.

ANALYSIS

Blankenship's sole contention on appeal is that he did not receive a fair and impartial trial

because of the remarks made by the Commonwealth's Attorney during his closing argument.

Because Blankenship did not adequately preserve this issue for appeal, we refrain from

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

addressing it.  The law regarding preservation of appellate issues arising from improper closing

argument is long established.

> When allegedly improper comments are made during closing
> argument in the guilt phase of a trial, the objecting party must
> expressly seek the action that it desires the judge to take.  It is well
> settled that errors assigned because of a prosecutor's alleged
> improper comments or conduct during argument will not be
> considered on appeal unless an accused timely moves for a
> cautionary instruction or for a mistrial.  A timely motion for a
> mistrial or a cautionary instruction is required to preserve the issue
> for appeal even if an objection was properly made to the conduct
> or comments and improperly overruled by the trial judge.  The
> recognized purpose of this requirement is to prevent retrials by
> calling error to the attention of the trial judge, who may then
> caution the jury to disregard the inappropriate remarks.

Bennett v. Commonwealth, 29 Va. App. 261, 280-81, 511 S.E.2d 439, 448 (1999) (citations

omitted).  See also Cheng v. Commonwealth, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990);

Morris v. Commonwealth, 14 Va. App. 283, 287, 416 S.E.2d 462, 464 (1992).  This is a bright

line rule in Virginia, and we know of no exceptions.[1]  While Blankenship did raise an objection

---

[1] Blankenship argues that his assignment of error is not procedurally defaulted.
Specifically, Blankenship contends that because the objection was overruled, he would not have
been entitled to a cautionary instruction or a mistrial.  He relies on Martinez v. Commonwealth,
10 Va. App. 664, 668, 395 S.E.2d 467, 470 (1990), in which we held:

> We disagree with the Commonwealth that where the trial judge has
> overruled an objection to the Commonwealth attorney's closing
> argument defense counsel must request a cautionary instruction or
> a mistrial in order to preserve the issue for appeal.  [Appellant]
> objected to the prosecutor's argument with specificity and the
> judge overruled the objection.  Since the objection was overruled
> on the basis that the argument was proper, Martinez was not
> entitled to a cautionary instruction.  The evidence upon which the
> argument was based had not been admitted for a limited purpose,
> and the trial judge ruled that the argument constituted permissible
> comment on the evidence.  Since the trial judge ruled that the
> argument was proper, there was no reason to request a limiting or
> cautionary instruction.  A motion for a mistrial also would have
> been a useless gesture because the objection had been overruled on
> the basis that the argument was proper.

to the prosecutor's remarks, he neither requested a cautionary instruction, nor did he move the court to declare a mistrial.  As such, this issue is procedurally defaulted, and we will not address the merits of Blankenship's assignment of error.  Accordingly, we affirm the convictions.

Affirmed.

---

We are unable to distinguish this case from numerous subsequent decisions, both from this Court and the Supreme Court of Virginia, holding that a motion for a mistrial, or a request for a cautionary instruction, are required even if the trial court overrules the objection.

The Commonwealth appealed the Martinez case to the Supreme Court of Virginia.  Although the Supreme Court did not address the issue of preservation in its opinion, it strongly hinted that it would have reversed the decision of this Court if it had the opportunity.  The Supreme Court stated:

> [We have] repeatedly held that errors assigned because of a prosecutor's improper comments or conduct during argument will not be considered on appeal unless the accused timely moves for a cautionary instruction or for a mistrial.  These motions must be made timely if the accused desires to take advantage of his objection on appeal.  See Cheng v. Commonwealth, 240 Va. 26, 38-39, 393 S.E.2d 599, 605-06 (1990), and cases cited therein.  Martinez failed to move for a mistrial or seek a cautionary instruction.  For some reason, the Court of Appeals, in holding that this issue was not procedurally barred, overlooked the fact that we have consistently adhered to this established procedure.  However, during oral argument before this Court, the Commonwealth withdrew its assignment of cross-error on this issue, and, therefore, we do not reach it here.

Martinez v. Commonwealth, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991).  We therefore conclude that Martinez has been implicitly overruled.