PRESENT:  All the Justices


DERRICK GANSON MAXWELL, S/K/A
DERICK GANSON MAXWELL
                                              OPINION BY
v.  Record No. 130810           JUSTICE LEROY F. MILLETTE, JR.
                                          FEBRUARY 27, 2014
COMMONWEALTH OF VIRGINIA

VINCENT A. ROWE

v.  Record No. 130881

COMMONWEALTH OF VIRGINIA


             FROM THE COURT OF APPEALS OF VIRGINIA

     We consider these two appeals together because they present

two different applications of the provision in Code § 8.01-

384(A) that addresses the absence of a contemporaneous objection

when there is no opportunity to make a timely objection.

     In each case, we consider whether the Court of Appeals

erred in holding that Rule 5A:18 barred consideration of issues

on appeal when the litigant had failed to make a

contemporaneous objection in the circuit court.

                        I.    Background

A.   Maxwell

     Derick Ganson Maxwell was indicted for unlawful wounding in

violation of Code § 18.2-51.  On September 26, 2011, Maxwell was

tried by jury for the offense in the Circuit Court of Frederick

County.  Immediately after the jury left the courtroom to begin

deliberations, Maxwell's counsel requested to be excused to go to her office because she had not "had the opportunity to eat anything." Maxwell's counsel indicated that the courtroom was within ten minutes from her office, and that "[t]hey know my phone number."

The circuit court recessed while the jury deliberated, and Maxwell's counsel, Maxwell, and the Assistant Commonwealth's Attorney left the courtroom to await the return of the jury's verdict. Upon its return, the jury found Maxwell guilty of unlawful wounding. After brief testimony, closing arguments, and deliberations on sentencing, the jury recommended a sentence of five years' imprisonment.

After the circuit court dismissed the jury, Maxwell's counsel indicated that "[i]t has been brought to my attention that there may have been a jury question. I am not quite sure what that is." The circuit court confirmed that the jury had submitted questions during deliberations but was unable to find the questions at that time. The circuit court went on to explain the questions and answers, and to indicate that there was no reason for Maxwell or his counsel to be present:

> The Court: Counsel, I will be happy to address [the jury questions and answers] at sentencing, but I can tell you what it was. I told them to re-read the instructions. They asked a question and I told them the answer was in the instructions. To re-read the instructions was the answer to one of

2

the particular questions.  And the other question was . . . it was one again where it was in the instructions and I just told them to read the instructions that they already received.  They were not given any new instructions whatsoever or were not given any new directions.  It was just simply to read the instructions.

Ms. Hackett:  Okay.  And I would just inquire because I was not present in court.

The Court:  No one was present because the nature of the question only called for them to read the instructions.  There was no reason to bring the Defendant back or Counsel back.  You were in your office.  I think [you] had gone for lunch.

On October 31, 2011, Maxwell filed a motion to set aside the unlawful wounding conviction.  Maxwell argued, in part, that the court's ex parte communications with the jury violated his Sixth Amendment rights and his right under Code § 19.2-259 to be "personally present during the trial."  Maxwell also alleged that the court's communications with the jury violated Code § 19.2-263.1, which prohibits judges from "communicat[ing] in any way with a juror in a criminal proceeding concerning . . . any aspect of the case during the course of the trial outside the presence of the parties or their counsel."  The circuit court denied Maxwell's motion.

Maxwell filed an appeal with the Court of Appeals and assigned error to the circuit court's ex parte communications with the jury.  The Court of Appeals, in an unpublished

decision, held that Rule 5A:18 prohibited consideration of the merits of Maxwell's assignment of error because Maxwell did not make a contemporaneous objection to the circuit court's allegedly improper communications with the jury. We awarded Maxwell this appeal.

B.   Rowe

Vincent A. Rowe was tried by jury in the Circuit Court for the City of Portsmouth and found guilty of grand larceny in violation of Code § 18.2-95 and grand larceny with intent to sell in violation of Code § 18.2-108.01. During closing argument, the attorney for the Commonwealth indicated that inferences could support a finding of guilt:

> That's why they're part of this case, that's why they're referred to as circumstantial evidence, and that possession – in order to eliminate this inference, if you feel it's justified in th[is] case, what has to happen is some evidence has to be brought forth by the defense to eliminate it. And as you know at this point, the defense has offered no evidence.

After just two additional sentences, the Commonwealth concluded its closing argument. Rowe's counsel stated, "Actually, before I make my argument, there is a motion I would like to make outside the presence of the jury." The circuit court responded, "We'll deal with it when the jury goes out to retire," and Rowe replied, "Very well."

4

After the jury left to begin deliberations, Rowe made a motion for mistrial. Rowe argued that the Commonwealth's statements that "the defendant didn't testify or the defendant did not present any evidence" were unduly prejudicial and warranted a mistrial. The circuit court denied Rowe's motion.

Rowe filed an appeal with the Court of Appeals, alleging in part that the circuit court erred by denying his motion for a mistrial because the Commonwealth's comments during closing argument prejudiced Rowe by shifting the burden to the defense to produce evidence. The Court of Appeals, by order, refused to reach the merits of this assignment of error, holding that Rowe's objection to the Commonwealth's closing statement was not timely made and, as a result, the Court of Appeals could not reach the alleged error under Rule 5A:18. We awarded Rowe this appeal.

## II. Discussion

### A. Rule 5A:18

The Court of Appeals' "interpretation of the Rules of this Court, like its interpretation of a statute, presents a question of law that we review de novo." LaCava v. Commonwealth, 283 Va. 465, 469-70, 722 S.E.2d 838, 840 (2012). Rule 5A:18 contains the contemporaneous objection rule applicable to the Court of Appeals and parallels the requirements of the contemporaneous

objection rule applicable to this Court as provided in Rule 5:25.  See, e.g., Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (observing that Rule 5:25 is the "counterpart" to Rule 5A:18).  Rule 5A:18 provides, in relevant part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

See also Rule 5:25.  The purpose of the contemporaneous objection rule "is to avoid unnecessary appeals by affording the trial judge an opportunity to rule intelligently on objections." State Highway Comm'r v. Easley, 215 Va. 197, 201, 207 S.E.2d 870, 873 (1974).  For the circuit court to rule intelligently, the parties must inform the circuit court "of the precise points of objection in the minds of counsel."  Gooch v. City of Lynchburg, 201 Va. 172, 177, 110 S.E.2d 236, 239-40 (1959).

For an objection to meet the requirements of Rule 5A:18, it must also "be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error." Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010).  This requirement allows the circuit court to remedy the

6

error while also giving "the opposing party the opportunity to meet the objection at that stage of the proceeding." Id.

B. Code § 8.01-384(A)

Under Code § 8.01-384(A), "[f]ormal exceptions to rulings or orders of the court" are not required. Rather, in order to preserve an issue for appeal a party must, "at the time the ruling or order of the court is made or sought, make[] known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor."

However, Code § 8.01-384(A) continues, "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal." (Emphasis added.) Thus, this provision of Code § 8.01-384(A) requires appellate courts to consider issues on appeal that do not satisfy the contemporaneous objection requirement when the litigant had no opportunity to make the requisite timely objection.

Both Maxwell and Rowe contend that Code § 8.01-384(A) applies to preserve their respective assignments of error for appellate review. However, the statute that they base their arguments on is where their similarities end, as the factual differences between the two cases dictate disparate dispositions.

C. Maxwell

7

Maxwell argues that the Court of Appeals erred in applying the contemporaneous objection requirement of Rule 5A:18 to refuse to reach his challenge to the circuit court's sua sponte response to jury questions in his absence. Maxwell contends that he had no opportunity to make a contemporaneous objection to the circuit court's consideration of the jury questions because Maxwell and his counsel were absent from the courtroom, and the circuit court did not inform them that the jury submitted questions to the court or that the court was going to provide an answer. Maxwell maintains that he made an objection when he became aware of the alleged error. Furthermore, he contends that because he had no opportunity to object contemporaneously when the court considered the jury's questions in his absence, any delay in subsequently making his objection cannot prejudice his right to appeal pursuant to Code § 8.01-384(A).

The Commonwealth argues that Rule 5A:18 bars Maxwell's appeal because Maxwell had the opportunity to bring the matter to the circuit court's attention when the court was still in a position to take corrective action. The Commonwealth contends that because the record supports a finding that the parties learned of the ex parte communications while the jury was still deliberating, albeit after the question was considered and answered by the circuit court in the parties' absence, Maxwell

8

did have an opportunity to object in a timely manner and failed to do so, and the Court of Appeals did not err by applying Rule 5A:18 to bar consideration of the merits of the issue on appeal.

Rule 5A:18 requires the appellant to make an objection to the court's ruling "with reasonable certainty at the time of the ruling" in order to preserve the issue for appeal. The record is clear that neither Maxwell nor his attorney were present when the court considered and responded to the jury's questions, and that Maxwell and his attorney had no opportunity to object to the court's act of responding to the jury's questions in their absence.

Code § 8.01-384(A) requires consideration of Maxwell's argument on appeal. Maxwell's argument in the Court of Appeals was not to the content of the circuit court's answers to the jury's questions, but to the circuit court's act of entertaining and answering the jury's questions when neither he nor his counsel were present. The record, specifically the portion of the transcript in which the court discusses their absence, reflects that Maxwell and his attorney, through no fault of their own, were not present in the courtroom when the judge received and answered the jury's questions. Thus, by their absence, Maxwell and his counsel did not have the opportunity to be present and challenge the court's decision to address questions from the jury in their absence. By its plain

language, Code § 8.01-384(A) prevents Maxwell from being prejudiced on appeal due to his lack of opportunity to make an objection contemporaneously with the court's <u>act</u> of proceeding in his absence.  See <u>Commonwealth v. Amos</u>, 287 Va.    ,    , S.E.2d   ,     (2014)(this day decided).

   D. <u>Rowe</u>

Rowe contends that he did make a contemporaneous objection, but that he had no opportunity to articulate the reasons for his objection in compliance with the requirement of Code § 8.01-384(A) because the circuit court denied his request to make a motion outside the presence of the jury.  Rowe contends that his failure to make a sufficient contemporaneous objection is excused by the provision of Code § 8.01-384(A) that prohibits prejudice to his appeal.

The Commonwealth contends that Rule 5A:18 bars review of Rowe's objection because Rowe did not make a contemporaneous objection to the prosecutor's closing argument.  The Commonwealth argues that Rowe failed to alert the circuit court of the nature of his objection before the jury retired and, consequently, Rule 5A:18 applies to bar consideration of the objection on appeal.

We agree with the Commonwealth that Rowe failed to make an objection with the requisite specificity to satisfy Rule 5A:18. Assuming without deciding that Rowe's delayed objection, made

after the conclusion of the Commonwealth's argument and only two sentences after the allegedly improper comment, would have been timely if its content had been sufficient, we hold that Rowe failed to articulate a cognizable objection at a time when the court could take appropriate action.

As we have previously addressed, the purpose of the requirement that a litigant make a contemporaneous objection is that the objection be made at a time when the circuit court, in considering the objection, can take appropriate action to correct the error. Scialdone, 279 Va. at 437, 689 S.E.2d at 724. Further, it is well-established that the Court will not consider a defendant's "assignments of error alleging that improper remarks were made by the prosecutor" unless he "has made a timely motion for a cautionary instruction or for a mistrial." Schmitt v. Commonwealth, 262 Va. 127, 148, 547 S.E.2d 186, 200 (2001); see also Blount v. Commonwealth, 213 Va. 807, 811, 195 S.E.2d 693, 696 (1973)(refusing to reach the assigned error because the defendant "did not ask that a cautionary admonition be given directing the jury to disregard [an] allegedly improper [remark in closing] argument, nor did he make a motion for a mistrial"). The defendant must make the motion for mistrial before the jury retires or it "is untimely and properly refused." Cheng v. Commonwealth, 240 Va. 26, 39, 393 S.E.2d 599, 606 (1990).

We have also specifically required an appellant who objects to an allegedly improper statement to do more than merely state his objection. See Yeatts v. Commonwealth, 242 Va. 121, 410 S.E.2d 254 (1991). In Yeatts, defense counsel noted his objection to a statement by the Commonwealth's witness that "Mr. Yeatts spoke of his prior convictions and his drug abuse." 242 Va. at 136, 410 S.E.2d at 263. The circuit court sustained the objection. Id., 410 S.E.2d at 264. Later, after the prosecutor proceeded with his direct examination of the witness, defense counsel made a motion for mistrial based on the aforementioned statement. Id. at 136-37, 410 S.E.2d at 264. We held that the circuit court did not err in denying Yeatts' motion for mistrial because the second objection, made with reasonable certainty and specifically requesting a mistrial, was not timely made. Id. at 137, 410 S.E.2d at 264.

Therefore, Yeatts' initial and timely objection, which was limited to "[y]our Honor, I object," was not sufficient to preserve for appeal Yeatts' argument concerning his motion for mistrial. Id. at 136, 410 S.E.2d at 264; see also Hargrow v. Watson, 200 Va. 30, 35, 104 S.E.2d 37, 40 (1958) ("[Plaintiff's] counsel . . . simply stated to the court, 'I object to [defense counsel's] statement that the defendant . . . made a fraudulent statement as to his marriage.' No request to declare a mistrial was included in the objection, and no request was made that the

12

court instruct the jury to disregard the remark. If such remark was improper, which we do not here decide, the error was waived.").

Before the jury retired, Rowe's counsel stated only, "Actually, before I make my argument, there is a motion I would like to make outside the presence of the jury." Rowe's "motion" was not an "objection . . . stated with reasonable certainty at the time of the ruling" as required by Rule 5A:18 because it failed to state for the court the details of his objection or the time-sensitive nature of his motion. Further, Rowe's counsel did not move for a mistrial at a time when the circuit court could have taken action to correct the asserted error.

Rowe's counsel did not lack the opportunity to make his objection to the allegedly improper comments to the court. After the court indicated its intent to "deal with it when the jury goes out to retire," Rowe chose to respond, "[v]ery well," rather than express his need to contemporaneously preserve his objection. Rowe's counsel's colloquy with the court makes it clear that he had the opportunity to make his objection known to the court and articulate more clearly the action he desired the court to take and that the action needed to be taken before the jury retired.

Nothing in the record supports a finding that Rowe had no opportunity to make a contemporaneous objection to the

13

Commonwealth's argument at a time and in a manner that would make it clear to the court the relief that Rowe sought. When Rowe did subsequently make his objection sufficiently clear to the court, pursuant to our case law, it was too late for the court to take the corrective action sought. The Court of Appeals did not err in refusing to consider Rowe's challenge to the allegedly improper statements made by the Commonwealth during closing argument.

### III. Conclusion

For the reasons stated, we will reverse the Court of Appeals' judgment in Maxwell and remand the case to the Court of Appeals to consider the assignment of error that it erred in determining was defaulted. We will affirm the Court of Appeals' judgment in Rowe.

Record No. 130810 – Reversed and remanded.

Record No. 130881 - Affirmed.

JUSTICE LEMONS, with whom JUSTICE MIMS joins, dissenting - Record No. 130881.

When considering questions of preservation and Code § 8.01-384(A), there has to be a recognition of real world trial practice. All the participants, including the judge, are imbued with a certain amount of understanding regarding what goes on in trial. In this case, at the end of the Commonwealth's closing

14

argument, the Commonwealth's Attorney made the following comment, "[a]nd as you know at this point, the defense has offered no evidence." The Commonwealth's Attorney then concluded his argument.

Within a reasonable amount of time thereafter, defense counsel stated, "Actually, before I make my argument, there is a motion I would like to make outside the presence of the jury." Everyone acquainted with trial practice would know what this motion was – a motion for a mistrial based upon the Commonwealth's Attorney's reference to the defendant's failure to present evidence. Defense counsel's request could have included a lesser remedy than a mistrial, such as a jury instruction to disregard the comment. Regardless, this statement by defense counsel, taken in context, made "known to the court the action which he desire[d] the court to take." Code § 8.01-384(A). Thereafter, the trial judge responded, "[w]e'll deal with it when the jury goes out to retire." The trial judge directed the attorney to postpone addressing the question until a later time.

Presumably, this case does not represent the first time the trial judge has seen this scenario: the prosecutor makes remarks to the jury that may be construed as a comment upon the defendant's constitutional right not to testify, and defense counsel responds with a request to make a motion outside the

15

presence of the jury.  It is objectively unreasonable to conclude that the trial judge did not know the basis for defense counsel's request; it was readily apparent under these circumstances.  See, e.g., Beck v. Commonwealth, 253 Va. 373, 386, 484 S.E.2d 898, 906 (1997)(relying on "training and experience" of trial judges regarding evidence issues and presuming the trial judge considers only that evidence which is permissible); Smith v. Commonwealth, 280 Va. 178, 184, 694 S.E.2d 578, 581 (2010)(relying on "training, experience and judicial discipline" of trial judges as a basis to conclude that a judge "separate[s], during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both").  In my judgment, defense counsel's request of the judge was therefore sufficient to preserve the matter for appellate review.

It is important to remember that this was a criminal trial before a jury, and the jury was about to retire to decide the fate of the defendant.  Defense counsel had to decide whether to argue with the judge in front of the jury and demand that his motion be heard before the jury retired, or to abide by the trial court's ruling.  By arguing with the judge immediately before the jury was to retire, defense counsel risked prejudicing the jury against him, and by extension, his client. By acknowledging the trial court's authority to hear the motion

at a later time, counsel should not have to risk waiving his client's fundamental right to an appeal. Civility and decorum on the part of defense counsel should not be equated to a waiver of the defendant's fundamental right to appeal. See Ashley Flynn, Procedural Default: A De Facto Exception to Civility, 12 Cap. Def. J. 289, 297-303 & n.63 (2000).

In this case, defense counsel made known to the trial court the action he wanted the court to take when he informed the court that he wished to make a motion immediately after the Commonwealth concluded its closing argument which included commentary on the defendant's lack of evidence and failure to testify. To the extent any ambiguity remained regarding exactly what type of motion he wished to make, defense counsel did not have a reasonable opportunity to provide a more detailed objection at that time, in light of the trial court's direction that defense counsel's motion would be dealt with at a later time. Any failure to raise a more specific objection was a result of the trial court's actions, and Rowe should not be prejudiced on appeal as a result of the trial court's action. Therefore, the preservation exception of Code § 8.01-384(A) should apply, and Rowe's appeal should be considered on the merits. Accordingly, I dissent from the majority's decision to affirm the holding of the Court of Appeals.

17

JUSTICE McCLANAHAN, dissenting - Record No. 130810.

I disagree with the majority's interpretation and application of Code § 8.01-384(A), and would affirm the judgment of the Court of Appeals. The majority begins by incorrectly framing the issue on appeal. This leads to its flawed conclusion that the Court of Appeals erred in holding that Maxwell failed to timely raise his objection to the circuit court's challenged communication with the jury.

## I.

According to the majority, "Maxwell's argument in the Court of Appeals was not to the content of the circuit court's answers to the jury's questions, but to the circuit court's act of entertaining and answering the jury's questions when neither he nor his counsel were present." (Emphasis in original.) The majority thus determines that no objection could have been made that would have remedied the circuit court's purported constitutional error in answering the jury's questions without Maxwell and his attorney present. This is merely recognition of the obvious - that nothing could have been done after the fact to effect their presence at the time the circuit court answered the jury's questions. Under this limited view of the appeal, the content of the circuit court's answers to the jury's questions would be irrelevant. Moreover, there would be no reason to remand this case to the Court of Appeals, as the

18

majority does, because there would be no basis for a harmless error analysis absent consideration of the substance of the circuit court's answers. In sum, the fact that the ex parte communication occurred is all that matters. This, however, is a misconception of the relevant considerations presented in Maxwell's appeal to the Court of Appeals.

A circuit court's act of communicating ex parte with a jury is inextricably intertwined with the content of that communication in the context of a party's constitutional challenge to that communication, as presented here. Indeed, as Maxwell has contended from the time he filed his Petition for Appeal with the Court of Appeals, "the jury questions posed go to the heart of the issues in the pending case," to which he was purportedly given "no opportunity to have his counsel argue appropriate responses." "The jury questions and the responses given by the trial judge in [his] absence," Maxwell asserted, "may have had a significant impact on the outcome of [his] trial in this case." (Id. at 23)

Thus, the content of the circuit court's ex parte communication with the jury is the overriding substantive consideration in Maxwell's constitutional challenge to that communication. Indeed, highlighting the fact that the actual content of a circuit court's challenged ex parte communication with a jury obviously matters, Maxwell himself acknowledged in

19

his opening brief to the Court of Appeals that there would be no basis for such challenge if, for example, the communication "raised by the jury regard[ed] comfort and convenience." That is because the determining legal factor is whether or not the communication was prejudicial, triggering a harmless error analysis. See Angel v. Commmonwealth, 281 Va. 248, 264, 704 S.E.2d 386, 396 (2011) ("[E]rrors, arising from the denial of a constitutional right[,] are subject to a harmless error analysis.") (citing Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999)). As Maxwell also acknowledged, for the Court of Appeals to determine whether the circuit court's ex parte communication with the jury "should give rise to a reversal of [his] conviction, [the Court of Appeals] must first determine whether that error was harmless." See Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E. 2d 728, 731 (2001) (cases cited by Maxwell, addressing harmless constitutional error); Corado v. Commonwealth, 47 Va. App. 315, 323, 623 S.E.2d 452, 456 (2005) (same).

## II.

Accordingly, the dispositive procedural issue in Maxwell's appeal is whether he preserved the right to assert that he was prejudiced by the content of the circuit court's ex parte communication with the jury, i.e., an argument that the communication was not harmless error. We must therefore decide

20

whether Maxwell was required, after the fact, to raise an objection with the circuit court concerning the challenged communication in light of the preservation provisions in Code § 8.01-384(A).

Under the express terms of Code § 8.01-384(A), a party, like Maxwell, will not be "prejudice[d]" by his failure to make a contemporaneous objection if he has no opportunity to do so. Nevertheless, if that party later has an opportunity to make his objection in time for the circuit court to correct the purported error, but fails to object, it is that failure which causes him "prejudice" on appeal, i.e., default, not the absence of a contemporaneous objection. Id. And, manifestly, the statute makes no provision to the contrary.

This Court has long recognized that the purpose of the contemporaneous objection rule, presently contained in Rules 5:25 and 5A:18, is not "'to obstruct petitioners in their efforts to secure writs of error, or appeals.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Kercher v. Richmond, Fredericksburg & Potomac R.R. Co., 150 Va. 108, 115, 142 S.E. 393, 395 (1928)). Rather, its paramount purpose is "'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'" Brandon v. Cox,

284 Va. 251, 255, 736 S.E.2d 695, 696 (2012) (quoting Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000)); see also Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988); Harlow v. Commonwealth, 195 Va. 269, 273, 77 S.E.2d 851, 854 (1953).  In effecting this policy, we have held that a party satisfies Rules 5:25 and 5A:18 if he makes an objection "'at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'"  Scialdone, 279 Va. at 437, 689 S.E.2d at 724 (quoting Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002)).  Thus, our analysis of whether these rules have been satisfied "has consistently focused on whether the trial court had the opportunity to rule intelligently on the issue" raised on appeal.  Id.

Pursuant to these principles, Maxwell was required to object to the trial court's ex parte communication with the jury to the extent there was an opportunity for him to do so in time for the trial court to give purportedly "'rectify[ing]'" instructions to the jury.  Id.  Maxwell was presented with such an opportunity but did not pursue it.  While the jury was still deliberating its verdict, Maxwell learned of the trial court's subject communication with the jury but did not bring the

22

asserted error to the trial court's attention at that time.[1]  It was only after the jury was discharged upon finding Maxwell guilty of unlawful wounding that he raised with the trial court the issue of its communication with the jury.  As the Court of Appeals noted, "'[a] party litigant should not await the return of the verdict and have a chance of securing a favorable one, and then, if unfavorable, make a motion for a new trial.'"[2] Maxwell v. Commonwealth, 2013 Va. App. LEXIS 120, at *9 (Va. Ct. App. Apr. 16, 2013) (unpublished) (quoting Crockett v. Commonwealth, 187 Va. 687, 707, 47 S.E.2d 377, 386-87 (1948)).

For these reasons, I would hold that Maxwell failed to preserve for appeal a challenge to the trial court's communication with the jury, and affirm the decision of the Court of Appeals.  I therefore dissent.

---

[1] This fact was established through the prosecutor's unchallenged, unilateral avowal at oral argument on Maxwell's motion to set aside the verdict.  (App. 431)  See Whitaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977) ("[A] unilateral avowal of counsel, if unchallenged . . . constitutes a proper proffer.").

[2] It is here worth noting that during oral argument, Maxwell's counsel could not provide a cogent explanation as to why the circuit court's answers to the jury's questions were wrong and what the circuit court should have said differently.

23

JUSTICE POWELL, concurring - Record No. 130810.

I disagree with the majority's implicit holding that every ex parte communication between a circuit court judge and a deliberating jury automatically excuses a party's subsequent failure to object to that communication. Rather, in my opinion, the determinative fact is whether the party had a reasonable opportunity to object to the trial court's ex parte communication "at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error." Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002).

Here, it is highly unlikely that either Maxwell or his attorney became aware of the ex parte communication, much less had the opportunity to object, at a point when the circuit court could address any error that may have resulted from the ex parte communication. The record demonstrates that the jury only deliberated for one hour and thirty-six minutes, and during that time, Maxwell's attorney had left the courthouse with the circuit court's express permission. On these facts alone, I agree with the majority's decision to reverse and remand.